No. 468

First Circuit

BRUMFIELD v. LA. MUTUAL BENEV-
OLENT ASSN.

(June 28, 1929. Opinion and Decree.)
(October 10, 1929. Rehearing Refused.)
(December 2, 1929. Writ of Certiorari and
Review Refused by Supreme Court.)

Miller and Richardson, of Bogalusa, and Brock & Carter, of Franklinton, attorneys for plaintiff, appellee.

Crow & Coleman, of Shreveport, attorneys for defendant, appellant.

LECHE, J. The defendant, although its name does not so indicate, is engaged in selling fire insurance, and is domiciled in Shreveport, in this State. The purpose of this suit is to recover the indemnity guaranteed by one of its policies issued to plaintiff, for a loss by fire alleged to have been suffered by plaintiff on January 27, 1928. The policy was bought by plaintiff on or about October 11, 1927, from defendant, through its salesman, J. A. Paff or Poff.

The consideration for obtaining the policy was first a membership fee, fixed at $20.30 cash, then the assumption of an obligation to pay all assessments which might be levied by the board of directors of the defendant.

It would serve no useful purpose to discuss the mode and manner of fixing the amount of the membership fees and of the assessments, as there is no controversy in this suit as to these amounts. Then the policy contains numerous conditions and stipulations, of which we will only hereafter mention such as are pertinent to the differences invoked in the case.

The indemnity provided in the policy is fixed at an amount not to exceed $1420, distributed as follows: $400 on a stock of groceries and automobile accessories, $300 on store fixtures, $400 on household goods and $320 on a light plant and fixtures.

The district court awarded plaintiff a judgment for $915 with legal interest from January 27, 1928, for a penalty of 12 per cent on said amount, and for an additional sum of $100 as attorney's fees and for all costs of court.

Defendant has appealed from that judgment.

There was an exception of no cause of action filed in the district court, it was overruled, and as it is not argued in this court, it has presumably been abandoned.

The first defense is that the membership fee was never paid. The fact is that Paff, the agent, agreed to accept 50 per cent of the membership fee in cash, to personally advance plaintiff the other 50 per cent and to accept plaintiff's note payable to himself for that amount. Evidently, defendant acceded to this, for it at once issued the policy recognizing the payment of the membership fee. The note was made payable to Paff, as agreed, and appears in the record as having been paid. Where an agent accepts the assured's note in payment of the first premium and the insurance company issues the policy, there is novation, the company agrees to accept its agent as its debtor in lieu and in place of the assured, and the policy is valid even if the note is not paid. Trager vs. La. Equitable Life Ins. Co., 31 La. Ann. 235.

It is contended that plaintiff misrepresented material facts in order to secure the policy and that she intended to perpetrate fraud upon defendant.

The testimony shows that defendant's agent called upon plaintiff and her husband who kept a little store out in the country on the highway between Bogalusa and Franklinton, that by his insistence, he intended them to join the defendant association or company, and to take out a fire insurance policy. That this agent filled out the application, that this guileless couple concealed nothing from him, that they even asked him if they should get an iron safe to keep their books, because a lady in Franklinton had told them that an iron safe in a store was necessary in order to obtain insurance on the stock and that the agent assured them that they need not get any safe. The testimony fails to show any concealment of facts or misrepresentations and our opinion is that this defense entirely lacks support.

Defendant again contends that under its rules, the company only binds itself to pay to the member who has suffered a loss by fire, not over two-thirds of the amount of the assessment paid in by the members of this group. That an assessment was levied November 22, 1928, and that two-thirds of that assessment amounts to only

$148.47, and that in no event should it be held liable for more than this amount. It is to be noted that the loss took place January 27, 1928, and that the assessment is said by defendant to have been levied the latter part of November, 1928, nearly ten months after the loss should have been paid. The proof as to the amount which the assessment should have realized is vague and not established with any certainty. Plaintiff contends in substance that this is only a subterfuge to avoid payment of the loss, and we are similarly impressed.

The whole record teems with inconsistent defenses. It may be that defendant is acting in good faith, but it appears to us that plaintiff was misled by defendant's agent and it is only equitable and legal that it, and not plaintiff, must be held to be the victim of the actions and representations of that agent.

Whether the property lost was separate property of the wife or community property can be of little concern to defendant. A receipt from the wife or the husband or from both of them will forever acquit defendant from any further liability on the policy. That is a question of law which does not affect the sincerity and honest motives of plaintiff. There was no misrepresentation by plaintiff and therefore no fraudulent concealment.

The district judge found as a matter of fact that plaintiff's loss was $915 and he rendered judgment accordingly. We see no reason to amend or reverse his judgment.